# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br> v.<br><br>FABIAN QUEPONS,<br><br>    Defendant. | Case No. 3:22-cr-00022-03-SLG-MMS |

## ORDER RE ALL PENDING MOTIONS

Before the Court are four motions: Defendant Fabian Quepons' Motion to Correct Sentence at Docket 233, to which the Government responded in opposition at Docket 239 and Mr. Quepons replied at Docket 243; Defendant's pro se Motion for Sentence Reduction at Docket 251[1]; the Government's Motion for Preliminary Order of Forfeiture at Docket 230; and Defendant's Non-Opposed Motion to Stay Forfeiture Proceedings at Docket 244.

On July 27, 2023, this Court sentenced Mr. Quepons to 108 months' imprisonment after Mr. Quepons pled guilty to drug and firearm offenses.[2] Despite the appeal waiver in his plea agreement, Mr. Quepons filed a Notice of Appeal in

---

[1] *See* Docket 260 (counsel's Response to Defendant's Pro Se Filing Regarding Sentence Reduction at Docket 251).

[2] Docket 201 at 1, 3.

August 2023.[3]

### 1. Motion to Correct Sentence

Mr. Quepons seeks a correction to his sentence pursuant to Federal Rule of Criminal Procedure 36.[4] Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing."[5]

Mr. Quepons contends that the Bureau of Prisons has not given him credit for the 504 days that he was in custody prior to entering his guilty plea in this case; he asks the Court to reduce his sentence to 91.2 months to account for these 504 days.[6] The Government maintains that Mr. Quepons cannot avail himself of Rule 36 because his request is not for "a clerical correction," rather it is for "a sentence reduction."[7]

The Court agrees with the Government that Mr. Quepons has not demonstrated that there was a clerical error in the judgment or an error in the

---

[3] Docket 158-1 at 13-14; Docket 215.

[4] Docket 233 at 1.

[5] *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (citation omitted).

[6] Docket 233 at 3-4.

[7] Docket 239 at 2.

Case No. 3:22-cr-00022-SLG-MMS, *United States v. Quepons*
Order Re Pending Motions
Page 2 of 5
Case 3:22-cr-00022-SLG-MMS    Document 277    Filed 07/15/24    Page 2 of 5

record arising from oversight or omission. The Supreme Court has suggested that, where a district court "fail[s] to anticipat[e] developments that take place after the first sentencing" and such a failure "produces unfairness to the defendant, [Section 3582(c)(1)(A)] provides a mechanism for relief."[8] The First Step Act of 2018, enacted on December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[9] As such, relief is available, if at all, through a § 3582(c)(1)(A) motion. The Court therefore denies Mr. Quepons motion at Docket 233 filed pursuant to Rule 36.

### 2. Motion for a Sentence Reduction

Mr. Quepons also seeks a sentence reduction pursuant to U.S. Sentencing Guidelines Amendment 821.[10] Under Amendment 821, a defendant who would have previously received a two-point status increase if the instant offense was committed while under supervision would now receive only a one-point increase. The amendment was made retroactive, meaning that previously sentenced defendants could be eligible for a criminal history point reduction and potentially a reduced criminal history category and Sentencing Guidelines range. However, the Sentencing Guidelines preclude a court from reducing a defendant's sentence

---

[8] *Setser v. United States*, 566 U.S. 231, 242-43 (2012) (internal quotation marks and citation omitted).

[9] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[10] Docket 251 at 1.

Case No. 3:22-cr-00022-SLG-MMS, *United States v. Quepons*
Order Re Pending Motions
Page 3 of 5
Case 3:22-cr-00022-SLG-MMS   Document 277   Filed 07/15/24   Page 3 of 5

below the minimum of the amended Sentencing Guidelines range calculated after applying a retroactive amendment to the Sentencing Guidelines.[11]

As Mr. Quepons' counsel acknowledges, while Mr. Quepons would receive one fewer criminal history point pursuant to Amendment 821, his criminal history category would not change, remaining a category V.[12] Therefore, Mr. Quepons' Sentencing Guidelines range is the same after applying Amendment 821: 140 to 175 months.[13] Because Mr. Quepons' current sentence—108 months—is unchanged by Amendment 821 and is below the Sentencing Guidelines range, the Court denies the motion at Docket 251.

### 3. Motion for Preliminary Order of Forfeiture and Motion for Stay

The Government seeks entry of a preliminary order of forfeiture.[14] However, Mr. Quepons' criminal case is currently on appeal. The Court therefore denies the Government's motion without prejudice to its renewal after the appellate process is complete. Mr. Quepons' motion for a stay of the forfeiture proceedings is

---

[11] *See* U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2023). A court may only reduce a defendant's sentence below the amended Sentencing Guidelines range if a defendant provided substantial assistance to authorities. *Id.* at § 1B1.10(b)(2)(B). *See also* 18 U.S.C. § 3582(c)(1)(A) (requiring that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission").

[12] Docket 260 at 2. *See also* Docket 255 (sealed) (U.S. Probation Office report noting that Mr. Quepons' criminal history category, and resultingly his Sentencing Guidelines range, are unchanged after Amendment 821).

[13] Docket 203 at 1 (sealed); Docket 255 at 2 (sealed).

[14] Docket 230.

Case No. 3:22-cr-00022-SLG-MMS, *United States v. Quepons*
Order Re Pending Motions
Page 4 of 5
Case 3:22-cr-00022-SLG-MMS   Document 277   Filed 07/15/24   Page 4 of 5

therefore denied as moot.[15]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Motion to Correct Sentence at Docket 233 and Motion for Sentence Reduction at Docket 251 are DENIED. The Government's Motion for Preliminary Order of Forfeiture at Docket 230 is DENIED without prejudice, and Defendant's Non-Opposed Motion to Stay Forfeiture Proceedings at Docket 244 is DENIED as moot.

DATED this 15th day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[15] Docket 244.

Case No. 3:22-cr-00022-SLG-MMS, *United States v. Quepons*
Order Re Pending Motions
Page 5 of 5
Case 3:22-cr-00022-SLG-MMS   Document 277   Filed 07/15/24   Page 5 of 5